LAW OFFICES OF ROBYN S. HOSMER
330 North Brand Blvd., Suite 900
Glendale, CA 91203-2340
Electronic Address: **LosAngelesLegal@allstate.com**
Telephone: (818) 548-6342

By: DINA M. FORD
State Bar No. 225292

Our File No. 0619256456.1-

Attorneys Plaintiff:
ALLSTATE NORTHBROOK INDEMNITY COMPANY A/S/O PAUL GUZMAN

| | |
|---|---|
| ALLSTATE NORTHBROOK INDEMNITY COMPANY AS SUBROGEE OF PAUL GUZMAN,<br><br>　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DOES 1 to 15<br><br>　　Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**1. CONTRACTUAL SUBROGATION**<br>**2. EQUITABLE SUBROGATION** |

Plaintiffs, ALLSTATE NORTHBROOK INDEMNITY COMPANY A/S/O PAUL GUZMAN, hereby complain and allege, causes of action against Defendants, and each of them, as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Section 1346(b) and 28 U.S.C. section 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(e)(1) because a substantial part of the events giving rise to the claim took place in this district.

3. On or about **August 24, 2021**, Plaintiffs timely presented and served a claim for property damage under the Federal Tort Claims Act to Defendant UNITED STATES OF AMERICA, pursuant to Government Code section 911.2 et seq. which was duly received and acknowledged by the Tort Claims Accounting Service Center on January 19, 2022 wherein

1  Defendant extended an offer of settlement in the amount of $3,699.21. On February 28, 2022
2  Defendant mailed correspondence to Plaintiff indicating that the claim has been denied based on
3  the inability to reach a satisfactory settlement. Plaintiffs have exhausted all available
4  administration remedies. 28 U.S.C. section 2675(a).

5      4.  Plaintiff brings this action against Defendant under the Federal Torts Claims Acts for
6  property damage caused by negligent or wrongful act omission of Defendant while acting within
7  the scope of employment with the United States Postal Service under circumstances where the
8  United States of America, if a private person be liable to the claimants in accordance with the
9  law of the State of California, the place where the accident occurred under 28 U.S.C. section
10 1346(b). Section 1391 because Defendant negligently operated their vehicle thereby causing
11 damages to Allstate Northbrook Indemnity Company's insured's vehicle and therefore has
12 allegedly occurred in this District.

## PARTIES

    5.  Plaintiff Allstate Northbrook Indemnity Company ("Allstate") is a corporation licensed under the laws of Illinois and headquartered in Northbrook, IL.

    6. Defendant, UNITED STATES OF AMERICA, is a governmental entity.

## STATEMENT OF THE ACTION

    7.  Prior to March 16, 2021, Paul Guzman entered into a written contract of automobile liability insurance with Allstate, whereby for consideration, Allstate issued to Paul Guzman an automobile liability Policy number, 000014761942 ("Policy") which was in full force and effect on or about March 16, 2021. Attached to this Complaint as Exhibit "A" is a true and correct copy said Policy.

    8.  At all times herein mentioned, Paul Guzman was an insured by Allstate under the Terms of the Policy, therefore, Allstate was obligated to indemnity Paul Guzman for property costs incurred.

    9.  Allstate Northbrook Indemnity Company contractually subrogated to the rights of Paul Guzman pursuant to the Policy.

10. At all times herein mentioned, the UNITED STATES OF AMERICA is a governmental entity.

11. Pursuant to the Policy, Allstate asserts its claim herein based on contractual and equitable subrogation or partial subrogation to the rights of its insured, including the right to maintain a contribution action pursuant to 42 U.S.C. Section 9613 in addition to an action pursuant to 42 U.S.C. Section 9612, and applicable state statutes and common law theories.

12. Allstate has suffered a loss for which Defendants are liable and Defendants are legally responsible to Allstate for the loss caused by Defendants.

13. Allstate has suffered damages caused by the act or omission upon which the liability of Defendants depends.

14. Justice requires that the loss be entirely shifted from Allstate to Defendants, whose equitable position is inferior to that of Allstate.

15. On or about March 16, 2021, Plaintiff's insured Paul Guzman was the owner of a 2012 Ford F-350, California license plate E2424 that was lawfully being operated along, upon and/or adjacent to certain public streets and highways in the above-entitled District.

16. At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, operated their vehicle.

17. At all times herein mentioned, the lot at or near 12015 Shale Ridge Road is, and was, a public roadway in the City of Auburn, County of Placer, State of California.

18. At said time and place, an employee of Defendant UNITED STATES OF AMERICA was operating a United States Postal Service van, vehicle number 5500453, at or near 12015 Shale Ridge Road, Auburn, CA 95602 and made an unsafe backing movement in violation of Vehicle Code section 22106 and collided into Plaintiff's lawfully and legally operated vehicle, causing damages thereto.

19. Defendants, and each of them, so negligently, carelessly, recklessly and unlawfully drove, maintained, operated, controlled, entrusted and otherwise so negligently and/or recklessly operated their respective vehicle so as to cause it to collide with Plaintiff's insured's vehicle and otherwise negligently acted or failed to act and conduct themselves, thereby directly and legally

causing the damages to Plaintiff as hereinafter enumerated.

20. Pursuant to equitable and contractual subrogation rights, Allstate Northbrook Indemnity Company seeks recovery from all Defendants herein for all costs and additional costs incurred by Allstate.

21. A claim form was properly submitted and received by the United States government on August 24, 2021. On January 19, 2022, the United States government acknowledged the claim and presented an offer to settle in the amount of $3,699.21. On February 28, 2022 Defendant mailed correspondence to Plaintiff indicating that the claim has been denied based on the inability to reach a satisfactory settlement.

22. Allstate's cost to date are in the sum of $7,398.41, and such additional costs as may be shown at the time of trial.

## COUNT ONE

### (For Contractual Subrogation Against All Defendants)

23. Allstate Northbrook Indemnity Company incorporated the allegations set forth in the preceding paragraphs as if fully set forth herein.

24. Prior to March 16, 2021, Paul Guzman entered into a written contract of automobile liability insurance with Allstate, whereby for consideration, Allstate issued to Paul Guzman an automobile liability Policy number, 000014761942 ("Policy") which was in full force and effect on or about March 16, 2021. Attached to this Complaint as Exhibit "A" is a true and correct copy said Policy.

25. At all times herein mentioned, Paul Guzman was an insured by Allstate under the Terms of the Policy, therefore, Allstate was obligated to indemnity Paul Guzman for property costs incurred.

26. Allstate is contractually subrogated to the rights of Paul Guzman pursuant to the Policy.

27. Pursuant to Section Automobile Liability Insurance Coverages, the Policy specifically provides that "the Policy is a legal contract".

28. Pursuant to the Policy, Allstate asserts its claim herein based on contractual and

equitable subrogation or partial subrogation to the rights of its insured, including the rights to maintain a contribution action pursuant to 42 U.S.C. Section 9613 in addition to an action pursuant to 42 U.S.C. Section 9612, and applicable state statutes and common law theories.

29. Allstate has suffered a loss for which Defendants are liable and Defendants are legally responsible to Allstate for the loss caused by Defendants.

30. Allstate has suffered damages caused by the act or omission upon which the liability of Defendants depends.

31. Justice requires that the loss be entirely shifted from Allstate to Defendants, whose equitable position is inferior to that of Allstate.

32. Allstate's cost to date are in the sum of $7,398.41, and such additional costs as may be shown at the time of trial.

## COUNT TWO

### (Equitable Subrogation Against All Defendants)

33. Allstate incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

34. Allstate has suffered a loss for which Defendants are liable and Defendants are legally responsible to Allstate's insured for the loss caused by Defendants.

35. Allstate suffered damages caused by the act or omission upon which the liability of Defendants depends.

36. Justice requires that the loss be entirely shifted from Allstate to Defendants, whose equitable position is inferior to that of Allstate.

37. Allstate's costs to date are in the sum of $7,938.41, and such additional costs as may be shown at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

i.  For all costs incurred by Plaintiff to date;

ii. For attorney's fees incurred by Allstate in bringing and prosecuting this action;

iii. For costs of this lawsuit; and

iv. For such other relief as the Court may deem just and proper.

DATED: **August 18, 2022**              LAW OFFICES OF ROBYN S. HOSMER

By: _____
DINA M. FORD
Attorney for Plaintiff
ALLSTATE NORTHBROOK
INDEMNITY COMPANY AS
SUBROGEE OF PAUL GUZMAN